# Dubois *against* Lord.

It is error in a court to submit the decision of a fact to the jury, unless there be some evidence of such fact.

ERROR to the common pleas of *Susquehanna* county.

This was an action by Josiah Lord against Abraham Dubois, who was a justice of the peace, upon a contract by the defendant to enter up a transcript of an appeal from a judgment of the said justice against the said Josiah Lord at the suit of Ebenezar Bowman. The facts of the case are sufficiently stated in the opinion of the court, by which to understand the only points decided in the cause.

*Dimmick* and *Lusk*, for plaintiff in error.
*Jessup*, for defendant in error.

The opinion of the Court was delivered by

Rogers, J.—This suit is brought upon an alleged parol agreement, to make out and deliver to the prothonotary's office a transcript of an appeal entered on the docket of the defendant, who was a justice of the peace.   The grievance complained of in the plaintiff's action, is the failure to deliver the transcript according to contract, by which default he lost his appeal.

In the answer to the defendant's first point, the court, in substance, instruct the jury, that if the justice was called upon for a transcript, and promised to have it made out the same evening, so that the party might have it the next morning, and failed to do so, either from the hurry of business or otherwise, such agreement and non-performance was sufficient to support the action.   Without insisting on the point that the action is grounded on contract, there is still manifest error in this direction.   The justice is allowed a reasonable time to make out his appeal, and notwithstanding he may promise with a view to accommodate the suitor, to have it ready by a fixed time, and is prevented by the hurry of business, or other reasonable cause, such a

v.—G

[Dubois v. Lord.]

failure will not subject him to suit. Indeed, I am inclined to believe that the answer of the court was inadvertently given, as in a subsequent part of the case they put the cause on the true ground, the failure to deliver the transcript according to contract. For the purpose of showing that there was a contract, (and this it was indispensable for the plaintiff to prove,) several witnesses were examined, none of whom undertake to say that Dubois, in their presence, promised to deliver the transcript as is alleged. He uniformly denied having made any such agreement. The whole case turns on the proof which was made of the declarations of the wife. Now it is admitted, that unless she acted as agent of her husband, her declaration cannot bind him, and her agency must be established by proof *aliunde*. Her authority was denied by him; for when the witness, referring to the declarations of the wife, said, that he understood he was to bring or send the appeal, Dubois denied that he had ever left such word with her. And when upon an appeal to her in the presence of the husband, she said that she recollected his leaving such word, he immediately denied any recollection of it. If Dubois had assented or remained silent when his wife made this declaration, it would have been some evidence from which the jury could have inferred a contract; but the jury cannot legally make such inference, when the party, in effect, denies it by saying that he has no recollection of the transaction. If there had been any evidence, however slight, we should not undertake to disturb the verdict; but it is error for the court to refer the decision to a jury, when there is no evidence whatever.

Judgment reversed, and *a venire de novo* awarded.