## CHILD v. McKEAN.

### March 31, 1838.

*Rule to show cause why a new trial should not be granted.*

1. In an action between the original parties to a bill of exchange, it is competent to the defendant to show the want of consideration for plaintiff's title, or any facts from which it could be legitimately deduced that the plaintiff is not the real proprietor of the bill, but holds it in trust for third persons against whom a defence exists.

2. But where the defendant has offered no evidence tending to establish that defence, the court will not leave it to the jury to infer, from the contents of written instruments in evidence, that such a defence is made out.

THIS was an action of assumpsit, on a bill of exchange, dated the 18th of May, 1835, for $3000, ninety days after sight, drawn by the plaintiff, to his own order, on the defendant, and accepted

[Child v. McKean.]

by him on the 25th of May, 1835.  Pleas the general issue, payment, and set-off.

On the trial the handwriting of the acceptor being admitted, the plaintiff read the bill and protest for non-payment, which stated as the answer of the defendant, when payment was demanded and refused, that sundry foreign attachments had been laid on the money, &c.

The defendant's counsel then produced the following evidence. A letter of the plaintiff to the defendant in these words:

"Boston, May 12, 1835.

"Sir—I give you below a copy of an order in my favour, just received from Buenos Ayres, per Ottoman, and will thank you to inform me if the balance therein mentioned, has been received from Mr. Breed, and if so, what is the amount of it."

The order referred to in this letter, as enclosed, was as follows:

"Buenos Ayres, January 19, 1835.

"Dear Sir—By the brig Level, Doane, bound to Boston, we made a shipment of 4687 hides and 27 pipes grease to Mr. Eben Breed, Boston, against which we have received $85,000 this currency.  At the time of making the shipment, we requested Mr. Breed to sell this invoice without delay, deduct the amount advanced and his charge, as per agreement with his agent here, and to remit the balance to you.  We have no doubt that this our order will be complied with immediately, and have now to request you to hold any balance or funds you may have received of the said Mr. Breed, on account of the aforesaid shipment, *subject to the order of Mr. Child*, of Boston, and by so doing you will much oblige,

Your friends and servants,

DORR, REINCKE & LEES.

To Henry Pratt McKean, Esq. Philadelphia.

P. S. We have taken the liberty of addressing to your care, a letter for Mr. Edward Dorr, who is expected daily in the brig Latona, from Buenos Ayres, and who will call for it."

The defendant replied on the 15th of May, 1835, to the plaintiff's letter, enclosing the above order, and authorising him to draw upon him for $4000, at ninety days.  The plaintiff drew

[Child v. McKean.]

accordingly on the 18th of May, which the defendant promptly accepted, but on the 25th of the same month, wrote thus to the plaintiff: " I had the pleasure on Saturday, sending you a draft for $4000. I have received, this morning, from Mr. Breed, the account sales of the hides, which fall short of my expectations very much. The balance due Dorr, Reincke & Lees, will only be about $3000. Please return me the draft I sent you, and I will return you another for $3000. I have shown the account sales to Mr. E. Dorr. Please return me the draft by return of mail."

The exchange of drafts proposed in this letter took place, and that which was last sent by the defendant, was the subject of the present action.

The defendant had given notice to the plaintiff, some time before the trial, that he would be required to show what consideration he gave for the defendant's acceptance ; but no proof of the kind was offered by the plaintiff, who denied that any rule of law required such proof at his hand, upon the state of circumstances disclosed.

The defendants then offered proof that two *foreign attachments,* in which *Dorr, Reincke & Lees* were defendants, had been served upon him between his acceptance of the draft and its maturity, which, on objection by the plaintiff, was rejected, *reserving the point.* The verdict was for the plaintiff. A new trial was moved for by the defendant, who filed the following reasons :

The verdict ought to be set aside.

1. Because the letter of Dorr, Reincke & Lees, to the defendant, of January 19, 1835, does not show any ownership of the property in the plaintiff, but merely his agency for the Buenos Ayres House.

2. Because by the said letter it is not clear that the property was out of the Buenos Ayres House, and therefore further evidence should have been received.

3. Because the order (if such it can be called,) of 19th January, 1835, was merely voluntary, and might at any moment have been recalled.

4. Because the draft of plaintiff was merely drawn in his own favour, and no consideration passed between him and any person whatever in relation to it, and no detriment whatever can happen to him by its not being paid.

.[Child v. McKean.]

5. Because the mere *prima facies* in favour of the negotiable instrument was destroyed, by the nature of the evidence given by the defendant, and proof of consideration was necessarily to be made.

6. Because the court refused to permit the defendant to give evidence of the attachments laid in his hands, or any other evidence, showing other and paramount claims to the fund over those of the plaintiff.

*J. R. Ingersoll*, and *J. S. Smith*, for the rule.
*Law*, contra.

Authorities cited : 9 *S. & R.* 468 ; *Chitty, Jr. on Bills* 31, 100 ; Williams *v.* Everett, 14 *East.* 582 ; Sharpless *v.* Welsh, 4 *Dall.* 279 ; Coates *v.* Roberts, 4 *Rawle* 100.

The opinion of the Court was delivered by

STROUD, J.—The call upon the plaintiff to show the consideration he gave for the acceptance, it has been conceded on the argument, was not adapted to the proof in the cause. The consideration was distinctly proved by the defendant's evidence, and was unquestionably an adequate one. The fairness of the transaction was not at all questioned.

The action, however, being between the original parties to the bill, it was competent to the defendant to show the want of consideration, or any facts from which it could be legitimately deduced, that the plaintiff was not the real proprietor of the bill, but held it in trust for third persons against whom a defence existed ; and this was the ground taken upon the discussion of the present rule. *Childerston v. Hammond*, 9 *S. & R.* 68, was indicated as direct authority for the position that the jury, and not the court, are to decide upon proper evidence produced on the trial, whether the instrument declared upon belonged to the plaintiff, or whether a third person against whom the defendant claims to set off a debt is the *equitable owner.* The relevancy of that case to the purpose of its citation is unquestioned. But I am unable to discover a single fact in this cause, from which the inference contended for, could be drawn. If a tittle of evidence had been adduced for the jury to pass upon, it ought to have been submitted to them. But, it seems to me, it would have been

[Child v. McKean.]

plainly erroneous to have given any other directions than were given. See Whitehall *v.* Wilson, 3 *Penn. R.* 405; Dubois *v.* Lord, 5 *Watts* 49; Newbaker *v.* Alricks, *ibid.* 183; McClung & Trevor *v.* Willard, *ibid.* 275.

PETTIT, *President*, did not sit in this cause, being related to one of the parties.

Rule discharged.

*Rule to show cause why a new trial should not be granted.*